UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DENIS BARRERA-PALMA, et al.,<br><br>Defendants. | No. 1:18-cr-00207-NONE-SKO<br><br>ORDER DENYING DEFENDANT LORENZO AMADOR'S REQUEST FOR RECONSIDERATION OF ORDER ADMITTING ENTERPRISE AND RACKETEERING EVIDENCE<br><br>(Doc. No. 444) |

Defendant Lorenzo Amador is charged in this case with assault with a knife in aid of racketeering in violation of the Violent Crimes in Aid of Racketeering ("VICAR") statute, 18 U.S.C. § 1959. (Doc. No. 125 (Indictment) at 10.)[1] Previously, the government moved *in limine* seeking a pretrial ruling allowing it to admit evidence at defendant's trial relating to an uncharged murder, not involving defendant Amador, of a victim referred to as "Winnie the Pooh." (Doc. No. 351.) Defendant Amador opposed the motion arguing that evidence of the murder should be barred by Federal Rule of Evidence 403. (Doc. Nos. 355, 392.) After reviewing the parties' briefing, and considering their oral arguments, the court granted the government's motion

---

[1] The indictment also alleges that defendant Amador and the other defendants are members and associates of La Mara Salvatrucha, also known as MS-13. (Doc. No. 125 at 7.)

1

"[b]ecause the probative value of the Winnie the Pooh murder evidence is not 'substantially outweighed' by the risk of unfair prejudice" to defendant Amador. (Doc. No. 405 at 6.) Specifically, the court held that evidence of the Winnie the Pooh murder was probative of the first two elements of the VICAR charge, i.e., whether MS-13 is an "enterprise" and whether MS-13 engages in "racketeering activity." (*Id.* at 3) (citing Ninth Circuit Manual of Model Jury Instruction § 8.151.) The court also found that the risk of unfair prejudice to defendant Amador did not warrant excluding evidence of Winnie the Pooh's murder because the indictment alleges that defendant violated VICAR in support of MS-13, a purportedly violent criminal organization. (*Id.* at 5) (citing *United States v. Matera*, 489 F.3d 115, 121 (2d Cir. 2007).) Defendant now requests the court to reconsider its order admitting evidence of the Winnie the Pooh murder. (Doc. No. 444.) The government opposes that motion for reconsideration. (Doc. No. 445.) For the reasons explained below, the court will deny defendant's request for reconsideration.

"Although not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are allowed in criminal cases." *United States v. Jones*, 916 F. Supp. 2d 83, 86 (D.D.C. 2013). The Local Rules provide that motions for reconsideration in criminal cases must demonstrate "what new or different facts or circumstances are claimed to exist that did not exist or were not shown upon such prior motion or what other grounds exist for the motion." E.D. Cal. R. 430.1(i).

Here, defendant Amador seeks reconsideration of the court's July 13, 2020 order based solely on additional case law and related arguments not raised in his briefing submitted in opposition to the government's motion *in limine*. (*See* Doc. Nos. 444; 445 at 3 n.1.) The additional cases cited by defendant all generally stand for the proposition that evidence of gang membership may not be admitted at trial if it is for purposes of proving a defendant's intent or culpability. As an initial matter, the court doubts that evidence relating to the murder of Winnie the Pooh can fairly be characterized as "gang-membership" evidence, at least as that term is generally understood and used in the cases now relied upon by defendant. First, none of the cases cited in the request for reconsideration involve a defendant who was facing a charge of violating 18 U.S.C. § 1959. Moreover, consideration of the newly cited cases does not change the court's

original analysis or its ultimate conclusion that evidence of Winnie the Pooh's murder is admissible in this case because it is directly relevant to the elements of the VICAR statute with which defendant Amador is charged.

First, defendant cites *Unites States v. Garcia*, 151 F.3d 1243 (9th Cir 1998), for the proposition that evidence of gang membership may not be used to prove intent, facilitation of aiding and abetting, or a specific agreement to accomplish an illegal objective. (Doc. No. 444 at 2.) In *Garcia*, the defendant, who was a member of the Bloods street gang, was charged with conspiracy to assault with a deadly weapon a member of the rival Crips street gang. 151 F.3d at 1245. In that case the government was required to prove an agreement to engage in the specific assault and an overt act in furtherance of that agreement. *Id.* The Ninth Circuit concluded that evidence "regarding the existence of an implicit, general agreement among gang members to support one another in fights against rival gangs" was insufficient to prove that the defendant had agreed to assault the rival Crip gang member as alleged in the indictment. *Id.* at 1244–46. Here, in contrast, the government is not using evidence of the Winnie the Pooh murder to establish that defendant Amador intended to commit, or that he agreed to commit, an assault with a dangerous weapon as alleged in his VICAR charge. Nor is the government intending to rely upon that evidence to show that defendant Amador facilitated the commission of any crime. Instead, the government intends to rely upon evidence of Winnie the Pooh's murder to establish that MS-13 is an "enterprise." As the Ninth Circuit has explained, "the existence of an [enterprise or] association-in-fact is often-times more readily proven by what it *does*, rather than by abstract analysis of its structure." *United States v. Fernandez*, 388 F.3d 1199, 1224 (9th Cir. 2004) (quoting *United States v. Coonan*, 938 F.2d 1553, 1559 (2d Cir. 1991)). At the hearing on the government's motion *in limine*, the government represented to the court that evidence of Winnie the Pooh's murder will help prove the structure of MS-13, which in turn will demonstrate its status as an "enterprise." (Doc. No. 444-1 (Hearing Transcript) at 15–18.) Moreover, the government also intends to use that evidence to prove that MS-13 was engaged in "racketeering activity," which includes "any act . . . involving murder." *See* 18 U.S.C. § 1961(1). Therefore, the Ninth Circuit's reasoning in *Garcia* is inapplicable here.

1    Second, defendant cites *Kennedy v. Lockyer*, 379 F.3d 1041, 1056 (9th Cir. 2004), for the
2    proposition that "the use of gang membership evidence to imply guilt by association is
3    impermissible and prejudicial." (Doc. No. 444 at 2.) In *Kennedy*, the prosecution at the
4    petitioner's trial in state court sought to offer evidence related to the terminology the petitioner
5    used when selling counterfeit narcotics to an undercover agent, which was allegedly indicative of
6    the defendant's gang involvement. 379 F.3d at 1042–44. The Ninth Circuit in *Kennedy*
7    concluded that the petitioner was entitled to federal habeas relief because the state court's refusal
8    to provide the defendant with key portions of the transcript of his first trial was contrary to clearly
9    established law where the judge presiding over the first trial had excluded evidence of petitioner's
10   gang membership, new defense counsel was unaware of that evidentiary ruling at the time of the
11   second trial, and the prosecution took advantage of that lack of knowledge and successfully
12   introduced evidence of gang membership at the defendant's second trial. *Id.* at 1056. In granting
13   habeas relief, the Ninth Circuit reaffirmed the principle that "[e]vidence of gang membership may
14   not be introduced, as it was here, to prove intent or culpability." *Id.* at 1055. Here, however, the
15   government does not seek to introduce evidence of Winnie the Pooh's murder to prove that
16   defendant Amador intended to commit, or actually committed, an assault with a dangerous
17   weapon as alleged in the indictment in this case. Rather, as noted above, the challenged evidence
18   will be offered by the government only to demonstrate that MS-13 operates as an "enterprise" and
19   is engaged in "racketeering activity" for purposes of the VICAR statute. Accordingly, the
20   decision in *Kennedy* is also not relevant to resolution of the admissibility issue in this case.

21   Third, defendant cites this court's decision in *United States v. Thomas*, No. 1:17-cr-
22   00296-DAD, 2019 WL 3285801 (E.D. Cal. July 22, 2019), for the general proposition that the
23   government may not introduce gang-membership evidence if it is irrelevant to a "central" issue to
24   be proven at trial. (Doc. No. 444 at 2.) In *Thomas*, the defendant was charged with conspiracy to
25   distribute methamphetamine and possession with the intent to distribute the same. *Id.* at *1. The
26   government sought to introduce gang-membership evidence, ranging from tattoos to prior police
27   reports and videos in which the defendant had allegedly acknowledged his involvement with the
28   Crips gang. *Id.* In *Thomas*, the government failed to explain how the defendant's gang

4

membership had even "some relevance in establishing" the elements of the charged drug distribution offenses. *Id.* at *3; *see also United States v. Easter*, 66 F.3d 1018, 1021 (9th Cir. 1995) ("Both the Supreme Court and [the Ninth Circuit] have ruled that evidence of gang affiliation is admissible when it is relevant to a material issue in the case."); *United States v. Reyes*, No. 11cr1 (MRK), 2012 WL 3727995, at *2 (D. Conn. May 1, 2012) ("[E]vidence of gang affiliation should tend to prove an element of the charged offense, if it is to have general probative value that outweighs its prejudice." (citation omitted)). As this court stated in *Thomas*: "Notably, defendant is not charged in this case with either a RICO violation or engaging in a continuing criminal enterprise." 2019 WL 3285801, at *2. Conversely, here, defendant Amador is charged with a RICO-based offense, i.e., VICAR. Evidence regarding Winnie the Pooh's murder is directly relevant to elements the government must prove at defendant Amador's trial, namely whether MS-13 is an "enterprise" engaged in "racketeering activity." As a result, the reasoning of the undersigned in *Thomas* supports the admission of evidence of the Winnie the Pooh murder at defendant Amador's trial.

Finally, the court reiterates that it intends to provide a limiting instruction to the jury at defendant Amador's trial regarding consideration of the evidence of Winnie the Pooh's murder, in order to further mitigate any risk of unfair prejudice to defendant Amador as a result of the admission of that evidence. (*See* Doc. No. 405 at 5.)

For these reasons, defendant Amador's request for reconsideration (Doc. No. 444) of the order granting the government's motion *in limine* (Doc. No. 405) is hereby denied.

IT IS SO ORDERED.

Dated: **December 15, 2020**

UNITED STATES DISTRICT JUDGE